UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 1:21-cv-995 |
| v. | ) Judge |
| **Blaze Realty LLC,** an Ohio limited liability company, | ) Magistrate Judge |
| and | ) |
| PNC Bank, National Association, a Pennsylvania corporation, | |
| Defendants. | |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendants for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42

1

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Blaze Realty LLC**, upon information and belief, owns the property located at 343 W. Bagley Rd., Berea, OH 44017 in Cuyahoga County, Ohio, which is a office building known as Equity Trust Center. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant PNC Bank, National Association, upon information and belief, owns and operates the business within the office building located at 343 W. Bagley Rd., Berea, OH 44017 in Cuyahoga County, Ohio, which is a PNC Bank Baker-Bagley (309) branch. Plaintiff, a PNC Bank customer, has patronized Defendant's business and the facilities

thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the office building owned or operated by the Defendant Blaze Realty LLC and the business owned or operated by Defendant PNC Bank, National Association are non-compliant with the remedial provisions of the ADA. As Defendants either owns, leases, leases to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' office building and bank branch are places of public accommodation. Defendants' properties fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster is a Fulton County, Ohio resident who has many friends in the immediate areas of Berea, Brunswick, and Strongsville whom he established friendships with after two decades of adaptive skiing at the Northeast Ohio ski facilities of Brandywine and Boston Mills. In addition Mr. Foster has attended rugby tournaments in Berea hosted at and around Baldwin Wallace University. Mr. Foster frequents the parks, restaurants, shopping centers, businesses establishments and other public accommodations of Cuyahoga County and its surrounding area, including the Defendant's office building and

PNC Bank where he is a customer that forms the subject of this complaint.

10. On December 10, 2020, and on other previous occasions, Plaintiff visited Defendant's property where he transacted business as a PNC Bank customer on that date, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the bank and office building, encountered barriers to access at the bank and office building, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of

the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the office building without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the bank and office building owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Parking and Accessible Routes:

  A. Some designated accessible parking lacks compliant signage and all accessible parking must be marked a minimum of 60 inches above the ground surface, in

    violation of the ADA whose remedy is readily achievable.

B. Some designated accessible parking spaces entirely lack access aisles, in violation of the ADA whose remedy is readily achievable.

C. There are cracks and changes in level along the accessible route connecting the designated accessible parking to the building entrances, in violation of the ADA whose remedy is readily achievable.

D. There are cracks and changes in level on the ground surface of the designated accessible parking and route, in violation of the ADA whose remedy is readily achievable.

<u>PNC Bank</u>

E. The interior accessible door requires more than 5 lbs. of force to open and the automatic door opener is not maintained as required and was inoperable for use, in violation of the ADA whose remedy is readily achievable.

<u>Men's Restrooms (floors 1, 2, 3 & 4)</u>

F. Restroom signage is non-compliant including lacking the international symbol of accessibility and tactile braille, in violation of the ADA whose remedy is readily achievable.

G. The men's restroom exit door does not have sufficient or compliant latch side maneuvering clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

H. The men's restroom door hardware requires tight clasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

I. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

J. The men's restroom water supply and drain pipes under the lavatory and sink are not insulated or otherwise configured to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

K. There are amenities in the men's restroom, including a towel dispenser, in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    L. The men's restroom toilet compartment door is not self-closing, contains a lock that requires tight grasping or twisting to operate, and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

    M. The men's restroom water closet entirely lacks both rear and side grab bars, in violation of the ADA whose remedy is readily achievable.

    N. The men's restroom toilet compartment lacks the minimum required clear floor space around the water closet for a wheelchair user to operate, in violation of the ADA whose remedy is readily achievable.

    O. The men's restroom toilet flush control is not mounted on the open side, in violation of the ADA whose remedy is readily achievable.

    P. The urinal in the men's restroom is mounted in excess of the required height above the finish floor to the rim of the unit, in violation of the ADA whose remedy is readily achievable.

Women's Restrooms

    Q. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

    R. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons or required policies for the maintenance of accessible features, in violation of the ADA whose remedy is readily achievable.

16. The discriminatory violations described in Paragraph 15 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual

Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The office building and bank at issue, as owned or operated by the Defendants, are places of public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until the Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the office building accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will

continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendants operate or own a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendants have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendants acts are willful, severe and ongoing. WHEREAS, upon information and belief there are no restroom facilities available for patrons and guests who require accommodations for mobility disabilities or wheelchairs in this office building and the exterior accessible features have not been maintained or were maintained outside compliance with applicable code requirements. In addition, the interior entrance door to the bank is not maintained in compliance with accessibility requirements.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, in an amount to be determined at trial, but in any event not less

than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615

>(419) 654-1622 – Phone
>(419) 241-9737 - Facsimile
>Email: valeriefatica@gmail.com